Jack Blatchley v. Commissioner.
Blatchley v. Commissioner
Docket No. 109618.
United States Tax Court
1943 Tax Ct. Memo LEXIS 235; 2 T.C.M. (CCH) 310; T.C.M. (RIA) 43302; June 24, 1943
*235 Byron M. Coon, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency of $52,80 in the petitioner's income tax for 1940. The only issue presented is the correctness of the respondent's action in denying the petitioner credit for personal exemption as the head of a family. Findings of Fact The petitioner is a resident of Los Angeles, California, and filed his income tax return for 1940 with the Collector of Internal Revenue in that city. The petitioner's father was a blacksmith by trade and originally his work was largely that of shoeing horses. In his last employment and for an undisclosed number of years he repaired milk wagons for a creamery in Los Angeles. About 1932 the company for which he worked sold its business to another creamery company and he lost his job. Since then he has done no work, and he and his wife, the petitioner's mother, have been dependent upon petitioner for support. The petitioner works in Culver City, California, where he has been employed as a camera maintenance man by Metro-Goldwyn-Mayer studios for more than 20 years. Until 1936 or 1937 he, his father and mother lived together *236 in Los Angeles. About that time, at the suggestion of their doctor, his father and mother moved from Los Angeles to Whittier, California. The petitioner's hours of employment are very irregular and for that reason and because of the distance to Whittier it was impossible for petitioner to live in Whittier and continue working at Culver City. Consequently he continued to reside in Los Angeles, occupying a room or an apartment. In Whittier, the petitioner's father and mother occupy a small three-room cottage. Petitioner goes to see them about once or twice a week and frequently on week-ends spends the night with them. In 1940 the petitioner's father was 68 years of age, mentally alert, able to move around easily, and in good health, but not physically able to follow his trade. The petitioner's mother was 66 years of age. Aside from their personal effects, the petitioner's father and mother have no property except each has a small insurance policy. They have no source of support except petitioner. The petitioner pays the rent on the cottage occupied by them; provides them with an allowance of $15 a week and clothing; and pays any unusual bills, such as doctor bills. Except for the *237 normal purchase of their food and a few clothes, petitioner's father and mother always consult him in all matters relating to their welfare or involving a financial outlay. In his income tax return for 1940, the petitioner claimed a personal exemption of $2,000 as head of a family and a credit for dependents of $800. In determining the deficiency the respondent allowed the credit of $ 800 for dependents but held that the petitioner was not entitled to a personal exemption as head of a family. Opinion Neither party filed a brief but, as disclosed by the statements contained in the deficiency notice and the positions taken by the parties at the hearing, the controversy is as to whether there was sufficient justification for the petitioner and his parents to reside in separate places to entitle petitioner to the exemption allowed to the head of a family. As was pointed out in , neither the respondent's regulations nor the decisions of the Board and the courts prescribe as a prerequisite to the allowance of the exemption as head of a family that the taxpayer and his dependents must reside in the same household. Where there *238 is justification for the benefactor and his dependents living separately, allowance of the exemption is not precluded. On the other hand, an unjustified separation does preclude the allowance. , and cited cases. The maintenance of a residence by the benefactor separate from that of his dependents is justified where his business so requires. ; ;;; . Similarly the exemption is allowable where the dependents live separate from their benefactor because of their, physical or mental condition. . . Since the location and character of petitioner's employment prevented him from living in Whittier and the preservation of his parents' health had prompted them to move from Los Angeles, we think the separation *239 here involved was justified and that the petitioner was entitled to the personal exemption claimed. Decision will be entered for the petitioner.